122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffery Dale MASON, Petitioner,
v.
WEST STATE, INC.; Saif Corporation; Director, Office of
Workers' COMPENSATION PROGRAMS, Respondents,
 No. 96-71013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Petition for Review of an Order of the Benefits Review Board
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jeffery Dale Mason petitions for review of the Benefits Review Board's ("Board") summary affirmance of an administrative law judge's ("ALJ") order awarding Mason permanent partial disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. We independently review the administrative record for errors of law and adherence to the substantial evidence standard. See Container Stevedoring Co. v. Director, OWCP, 935 F.2d 1544, 1546 (9th Cir.1991). We have jurisdiction pursuant to 33 U.S.C. § 921(c). We grant the petition for review, affirm in part, and vacate and remand in part for further proceedings.
 
 
 3
 Mason contends that the ALJ erred in calculating his pre-injury average weekly wage because she failed to consider circumstances subsequent to his shoulder injury, including the post-injury earnings of similarly-situated employees. This contention lacks merit.
 
 
 4
 Because Mason was intermittently employed as a boilermaker, his pre-injury average weekly wage was calculated under 33 U.S.C. §§ 910(c) and (d). See Palacios v. Campbell Indus., 633 F.2d 840, 842 (9th Cir.1980). As required by § 910(c), the ALJ gave regard to Mason's previous earnings at the job at which he was injured, and to the previous earnings of similarly-situated employees. See id. The ALJ also considered Mason's "ability, willingness, and opportunity to work." See id. at 843 (citation and internal quotation omitted). Although post-injury circumstances were not considered in calculating Mason's average weekly wage, such consideration was unnecessary since Mason's previous earnings reasonably and realistically reflected his true earning potential. See 33 J.S.C. § 910(c); Palacios, 633 F.2d at 843. Accordingly, we deny the petition for review as we find that the ALJ committed no error in her calculations. See Container Stevedoring Co., 935 F.2d at 1546.
 
 
 5
 Mason also contends that the ALJ erred when she determined that his disability benefits would terminate once his post-injury wages equaled the amount of his average weekly wage. This contention has merit.
 
 
 6
 "Permanent partial disability benefits are intended to compensate an injured employee for loss of earning capacity, which is calculated by comparing the employee's post-injury 'wage-earning capacity' with his pre-injury 'average weekly wages.' " Sproull v. Director, OWCP, 86 F.3d 895, 898 (9th Cir.1996) (citing 33 U.S.C. § 908(c)(21)), cert. denied, 117 S.Ct. 1333 (1997). "If the wage-earning capacity is less than the average weekly wages, the employee is entitled to disability benefits equal to two-thirds of the difference." Id. When Mason's post-injury, wage-earning capacity equaled his pre-injury, average weekly wage, no longer was there a measurable difference in his wage-earning capacity. However, "a worker is entitled to nominal compensation when his work-related injury has not diminished his present wage-earning capacity under current circumstances, but there is a significant potential that the injury will cause diminished capacity under future conditions." Metropolitan Stevedore Co. v. Rambo, 117 S.Ct. 1953, 1963 (1997).
 
 
 7
 The ALJ's decision terminating Mason's disability benefits was made prior to the Supreme Court's decision in Rambo. We therefore vacate the Board's judgment insofar as it terminates Mason's permanent partial disability benefits and remand to the ALJ for consideration of whether "there is a significant potential that [Mason's] injury will cause diminished capacity under future conditions." See id.
 
 
 8
 Finally, Mason seeks attorney's fees pursuant to 33 U.S.C. § 928(a). Section 928(a) authorizes "attorney's fees against employers when the existence or extent of liability is controverted and the claimant succeeds in establishing liability or obtaining increased compensation." E.P. Paup Co. v. Director OWCP, 999 F.2d 1341, 1354 (9th Cir.1993) (citation omitted) Since we neither resolve a dispute in Mason's favor nor grant him increased compensation, we must deny his request for attorney's fees. See id.
 
 
 9
 PETITION FOR REVIEW GRANTED; JUDGMENT OF THE BOARD AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3